IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALEKSANDR GULCHUK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 23-03122-CV-S-WBG |
| | ) | |
| TITAN SURGICAL GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On April 28, 2023, Defendant Titan Surgical Group, LLC filed the pending Motion to Dismiss arguing Plaintiff Aleksandr Gulchuk's petition[1] fails to state a claim upon which relief may be granted. Docs. 9-10. For the reasons set forth below, the Court **DENIES** Defendant Titan Surgical Group's motion.

### I. BACKGROUND[2]

In March 2021, Plaintiff, a "religious individual who actively practices his Christianity," began working for Defendant Titan Surgical Group. Doc. 1-1 at 3-4.[3] His direct supervisor was Territory Lead Manager Chris Brabo. *Id*. at 3. Plaintiff avers Defendant knew he is a religious individual. *Id*. at 4.

According to Plaintiff, liquor was kept in Defendant's refrigerator. *Id*. The employees drank the liquor during work hours on Defendant's premises. *Id*. Mr. Brabo knew his employees

---

[1] On March 13, 2023, Plaintiff filed a petition in the Circuit Court of Greene County, Missouri. *See* Doc. 1-1. On April 21, 2023, Titan Surgical Group removed the matter to this Court. Doc. 1. In their briefs, the parties use both "complaint" and "petition." *See* Docs. 9-10, 12, 14. To avoid confusion, the Court refers to the operative document as Plaintiff's petition.

[2] All factual statements are taken from Plaintiff's petition. Doc. 1-1 at 3-10. At this stage, Plaintiff's factual allegations must be accepted as true and viewed in the light most favorable to Plaintiff. *See* section II.

[3] The Court cites to the pagination autogenerated and applied by CM/ECF to filings. Accordingly, the pagination applied by the parties may differ.

drank liquor during work hours, and he did the same. *Id*. "Plaintiff voiced that it was against his religious convictions to drink liquor and was mocked and harassed by co-workers for doing so." *Id*.

While at work, Plaintiff's co-workers – Defendant's employees – engaged in demeaning and derogatory conversations toward females, which included recounting sexual acts and fantasies with females and discussions regarding sexual acts they would like to engage in with females. *Id*. at 5. Mr. Brabo was present when inappropriate discussions took place. *Id*.[4] Plaintiff "voiced his disagreement with and opposition to the inappropriate statements made toward females as against his religious convictions." *Id*.

Plaintiff reported to Mr. Brabo that he opposed his coworkers' drinking while at work, making vulgar comments, cursing, and using foul language, mocking his religious beliefs, and creating a hostile work environment due to his religious convictions and beliefs. *Id*. After he reported this conduct, Defendant's employees "further mocked or harassed" Plaintiff "for voicing his religious convictions." *Id*. Plaintiff alleges he was "constructively terminated" in January 2022. *Id*. at 2, 6.

## II.  STANDARD

Defendant seeks dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Doc. 10. To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Rule 8 pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*,

---

[4] It is unclear from the petition if Mr. Brabo also engaged in these conversations that were derogatory and demeaning towards females or if he mocked or harassed Plaintiff for his religious convictions. *See* Doc. 1-1 at 4-5, ¶¶ 21-24, 27-28. Because the Court, at this juncture, must draw all inferences in Plaintiff's favor, it assumes Mr. Brabo, a supervisor, also engaged in this conduct.

556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[5] "The essential function of a complaint . . . is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quotations and citation omitted). However, if the pleading merely contains "labels and conclusions," "formulaic recitation of the elements" of a claim, or "naked assertion[s]" lacking "further factual enhancement," the pleading standard is not satisfied. *Iqbal*, 556 U.S. at 678 (citation omitted).

To survive a motion to dismiss for failure to state a claim, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Knowles v. TD Ameritrade Holding Corp.*, 2 F.4th 751, 757 (8th Cir. 2021) (quoting *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 757 (quoting *Braden*, 588 F.3d at 594).

In considering a motion to dismiss, several tenets are considered. First, a court must accept all factual allegations made in the complaint as true. *Braden*, 588 F.3d at 594. Second, "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Id.* Third, all inferences are to be considered in the light most favorable to the non-moving party. *Id.* at 595 ("*Twombly* and *Iqbal* did not change this fundamental tenet of Rule 12(b)(6) practice."). Fourth, there is no requirement for direct evidence,

---

[5] Although this matter originated in Missouri state court (*See* Doc. 1), federal courts apply federal procedural law. *See Sayre v. Musicland Grp., Inc.*, 850 F.2d 350, 352 (8th Cir. 1988). Accordingly, whether Plaintiff's allegations are sufficiently alleged under Missouri's pleading standard does not govern the outcome here.

and factual allegations may be circumstantial. *McDonough v. Anoka Cnty.*, 799 F.3d 931, 945 (8th Cir. 2015). Finally, evaluating a complaint is context specific, and a court must "draw on its judicial experience and common sense" when considering a motion to dismiss. *Braden*, 588 F.3d at 594 (quoting *Iqbal*, 556 U.S. at 679).

### III. DISCUSSION[6]

Plaintiff's petition alleges Defendant fostered a hostile work environment (Count I) and retaliated against him (Count II) both in violation of the Missouri Human Rights Act ("MHRA"). Doc. 1-1 at 6-9. Defendant argues Plaintiff's hostile work environment claim should be dismissed because he has not alleged sufficient facts demonstrating the harassment was severe or pervasive. Doc. 9 at 1; Doc. 10 at 7-9 Defendant also maintains dismissal of Plaintiff's retaliation claim is warranted because he has not alleged "Defendant took any adverse action against him for engaging in protected activity." Doc. 9 at 1-2; Doc. 10 at 9-10.

**A.     Hostile Work Environment**

To survive a motion to dismiss a hostile work environment claim, a plaintiff must allege facts showing: (1) "he is a member of a group protected under the MHRA"; (2) "he was subjected to unwelcome harassment"; (3) his "membership in the protected group was a motivating factor in the harassment"; and (4) "a term, condition, or privilege of [his] employment was affected by the harassment." *Eivins v. Mo. Dep't of Corr.*, 636 S.W.3d 155, 179 (Mo. Ct. App. 2021) (citation omitted). Defendant does not contest Plaintiff was a member of a protected group, he was subjected to unwelcome harassment, and the harassment was because of his religion. *See* Doc. 10 at 7-9. Instead, it exclusively challenges whether Plaintiff sufficiently alleged a term or condition

---

[6] This action is subject to this Court's diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1 at 2-6. Accordingly, Missouri law applies to the substantive claims. *See Winthrop Res. Corp. v. Stanley Works*, 259 F.3d 901, 904 (8th Cir. 2001).

of his employment was affected by the harassment. *See id*.

"Discriminatory harassment affects a term[,] condition, or privilege of employment if it is 'sufficiently severe or pervasive enough to alter the conditions of the plaintiff's employment and create an abusive working environment.'" *McGaughy v. Laclede Gas Co.*, 604 S.W.3d 730, 748 (Mo. Ct. App. 2020) (quoting *Alhalabi v. Mo. Dep't of Nat. Res.*, 300 S.W.3d 518, 527 (Mo. Ct. App. 2009)). The harassing conduct must be severe or pervasive "as viewed subjectively by the plaintiff and as viewed objectively by a reasonable person." *Fuchs v. Dep't of Revenue*, 447 S.W.3d 727, 734 (Mo. Ct. App. 2014) (citation omitted). Generally, whether harassment is sufficiently severe or pervasive is a question of fact. *Id*. (citation omitted).

In his petition, Plaintiff alleges his co-workers "mocked and harassed" him for "voicing his religious convictions" and for saying "it was against his religious convictions to drink liquor." Doc. 1-1 at 4. He also claims his co-workers "mocked or harassed" him when he voiced disagreement with them making vulgar comments, using foul language, and "recounting sexual acts and fantasies specific to women." *Id*. at 5. Plaintiff disagreed with their conduct because it was against his religious convictions. *Id.*

When drawing all inferences in the light most favorable to Plaintiff, the Court finds the foregoing allegations, when viewed subjectively and objectively, are sufficient to state a plausible claim based on hostile work environment. Furthermore, Plaintiff's petition provides Defendant with fair notice of the nature and bases of his hostile work environment claim. Accordingly, the Court **DENIES** Defendant Titan Surgical Group's motion to dismiss as to Plaintiff's hostile work environment claim.

B.  **Retaliation**

The MHRA prohibits "retaliat[ion] . . . in any manner against any other person because such person has opposed any practice prohibited by this chapter." Mo. Rev. Stat. § 213.070.1(2). "To establish a prima facie case of retaliation under the MHRA, a plaintiff must prove that: (1) he complained of discrimination; (2) the employer took adverse action against him; and (3) a causal relationship existed between the complaint and the adverse action." *Lovelace v. Wash. Univ. Sch. of Med.*, 931 F.3d 698, 707 (8th Cir. 2019) (quoting *McCrainey v. Kan. City Mo. Sch. Dist.*, 337 S.W.3d 746, 752-53 (Mo. Ct. App. 2011)). Defendant's motion to dismiss Plaintiff's retaliation claim is based solely on whether Plaintiff sufficiently alleges an adverse employment action was taken against him. Doc. 10 at 9-11; Doc. 14 at 2-3. "With regard to the adverse action requirement, a plaintiff alleging unlawful retaliation need only establish that, as a direct result, he or she suffers any damages." *Eivins*, 636 S.W.3d at 180 (internal quotations and citation omitted).

The parties agree constructive discharge can constitute an adverse action in support of a retaliation claim. *See* Doc. 10 at 10; Doc. 12 at 6-7; Doc. 14 at 2; *see also Clark v. AT&T Mobility Servs., LLC*, 623 S.W.3d 197, 209 (Mo. Ct. App. 2021) ("Constructive discharge can constitute an adverse action that an employee suffers as a result of the prohibited activity. . .").[7] To demonstrate constructive discharge, a plaintiff must show his employer deliberately made his "working conditions so intolerable that the employee is forced to quit his or her job." *Henson v. Union Pac. R.R. Co.*, 3 F.4th 1075, 1081 (8th Cir. 2021) (quoting *Wallingsford v. City of Maplewood*, 287 S.W.3d 682, 686 (Mo. banc 2009)). The conditions must be "such that a reasonable person would find them intolerable." *Wallingsford*, 287 S.W.3d at 686.

---

[7] Plaintiff's opposition brief vaguely references "adverse actions" (Doc. 12 at 5-7), but the only discernible adverse action alleged in the petition is Plaintiff's purported constructive discharge theory.

Here, Plaintiff avers Defendant's employees engaged in behaviors to which he voiced his disagreement and opposition to. Doc. 1-1 at 4-9. He also informed the employees that their conduct was contrary to his religious convictions. *Id*. Then, after complaining to his supervisor about the behavior, Plaintiff was mocked and/or harassed by those employees. *Id*. Further, although Defendant "was aware of" the harassment and religious discrimination, it "failed to stop or prevent it." *Id*. at 6, 8. It was "[a]fter his reports" that Plaintiff "was constructively discharged." *Id*. at 6.

These allegations, when drawing all inferences in the light most favorable to Plaintiff, are sufficient to state a plausible claim for retaliation. Furthermore, Plaintiff's petition provides Defendant with fair notice of the nature and bases of his retaliation claim. Accordingly, the Court **DENIES** Defendant Titan Surgical Group's motion to dismiss as to Plaintiff's retaliation claim.

## IV. CONCLUSION

For the forgoing reasons, Defendant Titan Surgical Group LLC's Motion to Dismiss (Doc. 9) is hereby **DENIED.** Plaintiff's alternative request for leave to amend his petition (*see* Doc. 12 at 7) is therefore, **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATE: July 6, 2023  /s/ *W. Brian Gaddy*
W. BRIAN GADDY
UNITED STATES MAGISTRATE JUDGE