IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **ALEKSANDR GULCHUK,**<br><br>    Plaintiff,<br><br>vs.<br><br>**TITAN SURGICAL GROUP, LLC,**<br><br>    Defendant. | Case No.: 6:23-cv-03122-WBG |

### MEMORANDUM IN OPPOSITION TO
### PLAINTIFF'S MOTION TO EXCEED DEPOSITION LIMIT

Defendant Titan Surgical Group, LLC ("Titan") opposes Plaintiff's Motion to Exceed Deposition Limit. In support, Titan states as follows:

### PREMILINARY STATEMENT

Plaintiff Aleksandr Gulchuk ("Plaintiff") has asserted claims religious discrimination (hostile work environment) and retaliation under the Missouri Human Rights Act. Plaintiff worked for Titan, a supplier of medical devices to health care providers. When many of the health-care facilities began requiring vaccination to prevent the spread of Covid-19, Plaintiff refused to take the vaccine, but Titan accommodated Plaintiff by assigning him to facilities that did not require the vaccine. Shortly thereafter, Plaintiff resigned his employment, and then claimed constructive discharge well after he resigned.

Despite agreeing to the limit of ten (10) depositions in the proposed Case Management Order in accordance with the Federal Rule 30(a)(2)(A)(i), Plaintiff now wants to take thirteen (13) depositions. The individuals Plaintiff has indicated he wants to depose were known to Plaintiff when the Case Management Order was entered and made his Initial Disclosures. Plaintiff's contention that he previously did not know of all of the witnesses is disingenuous, since they are

individuals he worked with and dealt with during his employment. Plaintiff references a bawdy conversation that has sexual remarks, but this is a conversation *which Plaintiff was present* and clandestinely recorded. Plaintiff has the recording, and testimony of what was said is cumulative of these witnesses. Other witnesses Plaintiff has identified, Stewart, Rayburn, and Retzer are individuals that Plaintiff worked with, and knew of them before litigation commenced. Most important, of the eleven (11) additional depositions Plaintiff has stated he wants to take in addition to the two he has already taken, Plaintiff only indicates that two (2) have knowledge of Plaintiff's religious beliefs and Plaintiff's opposition to getting the Covid-19 vaccine.

Plaintiff wants to conduct scorched earth discovery, at the expense of Titan. Plaintiff has failed to meet his burden to establish why the additional depositions are necessary to establish his claims of discrimination and retaliation, and therefore, the request for additional depositions should be denied.

## FACTS

Counsel for Plaintiff agreed to the Joint Scheduling Plan that provided for "[t]he presumptive limits of ten (10) depositions as set forth in Fed. R. Civ.P. 30(a)(2)(A). Paragraph 2.d, ECF. 18. The Scheduling and Trial Order was filed on June 5, 2023 authorizing discovery under the Federal Rules of Civil Procedure. ECF. 20. Plaintiff's Initial Disclosure only identified nine (9) witnesses, excluding Plaintiff. See Exhibit A, Plaintiff's Initial Disclosures. Titan's Initial Disclosure's only identified eight (8) witnesses. See Exhibit B, Titan's Initial Disclosures. After Plaintiff's took the depositions of Chris Brabo, Area Manager of Springfield, and Patrick Drake, Team Lead of Springfield South (Plaintiff's direct supervisor), Plaintiff only specifically identified Tom Stewart, Chris Brabo, and Rob Rayburn, as individuals who

discriminated, retaliated or who had knowledge of discrimination, harassment or retaliation. See Exhibit C, Responses to Interrogatories 1, 2, and 3 of Plaintiff's Answers to Titan interrogatories. Plaintiff has noticed additionally nine (9) depositions, including seven (7) depositions of former non-supervisory co-workers to take place on December 19, 2023, January 9, 2024, and January 10, 2024. Additionally, in his Motion to Exceed Deposition Limit, Plaintiff seeks to take an additional two (2) depositions.

Counsel for Titan agreed that if Plaintiff would agree to be limited to the eleven (11) depositions noticed, Titan would not object; however, Plaintiff declined to agree, and Plaintiff now seeks to take a total of thirteen (13) depositions. See Exhibit D, Email exchange on November 9, 2023.

## ARGUMENT

The Federal Rules of Civil Procedure protect parties from allowing one party to cause it to accumulate unnecessary costs and inconvenience through redundant and disproportionate discovery.

The 2015 Amendments to Rule 26(b) incorporated the proportionality component into the threshold definition of the permissible scope of discovery, re-emphasized each parties' obligations to avoid excessive discovery, and highlighted the Court's duty to police it. *See, e.g.*, Fed. R. Civ. P. 1; Fed. R. Civ. P. 26. Proportionality "concerns 'the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'" *Smith v. AT&T*, No. 4:19-00881-CV-RK, 2020 WL 4586876, at *3 (W.D. Mo. Aug. 10, 2020) (citing Fed. R. Civ. P. 26(b)(1)).

The objectives of Rule 26 are to "guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery . . . and to encourage judges to be more aggressive in identifying and discouraging discovery overuse." *Vinet v. BP Expl. & Prod. Inc.*, No. CV 18-9527, 2019 WL 3574294, at *4 (E.D. La. Aug. 6, 2019) (quoting Official Advisory Committee Notes to Federal Rules) (internal alterations omitted). The Federal Rules also protect the parties from unnecessary discovery by limiting the number of depositions that a party may take, which is ten (10). *See* Fed. R. Civ. P. 30(a)(2)(A)(i).

At the outset of this case, Plaintiff agreed to the presumptive limit of ten (10) depositions. Paragraph 2.d, ECF. 18. Plaintiff has only identified three (3) witnesses of discrimination, harassment, and retaliation in his Answers to Interrogatories, even after taking the depositions of Chris Brabo and Patrick Drake. Ex. C, Responses to Interrogatories 1, 2, and 3 of Plaintiff's Answers to Titan interrogatories. Plaintiff clandestinely recorded a conversation of bawdy sexual discussions among employees. Plaintiff's counsel transcribed the recording and laboriously went over line by line what was in the transcripts with Chris Brabo and Patrick Drake. See, ECF 53-1 and 53-2. While witnesses Brabo and Drake agreed to the inappropriateness of the sexual content of what was on the tape, the tape has nothing to do with Plaintiff's religious beliefs, and, although Plaintiff was present, contained no testimony to any objection by Plaintiff to the conversation, let alone with respect to any religious convictions is alleged to have had.

In his Motion, Plaintiff's provides a synopsis of what the eleven (11) additional witness will testify, and the only synopsis for any of the witnesses that even mentions Plaintiff's religious beliefs and his declination of the Covid-19 vaccine are Tom Stewart and Rob Rayburn, who are both noticed to be deposed on December 19, 2023. The other synopsis of witnesses discusses "sexual discussions" or the "culture" of the office, but none of the synopsis mentions being a

witness to religious discrimination, intolerance or hostility to religious beliefs, or alleged retaliation against Plaintiff. Plaintiff's claims are for religious discrimination and retaliation, and Plaintiff has not demonstrated that the additional depositions do anything to prove these claims.

There is no dispute that Plaintiff was not required by Titan to be vaccinated against Covid-19 and that Plaintiff was accommodated by Titan after indicating that he would not be vaccinated by assigning him to healthcare facilities that did not require the vaccine.

Plaintiff's counsel has attempted to make his case as to why he needs the additional depositions beyond what allowed under Rule 30(a)(2)(A)(i) and what was agreed to in the Joint Scheduling Plan. ECF. 18. However, Plaintiff has failed to demonstrate why these witnesses are necessary to prove claims of religions discrimination and retaliation, and therefore Plaintiff should be limited to the ten (10) depositions allowed under Rule 30(a)(2)(A)(i). To allow further discovery beyond the ten (10) depositions causes unnecessary expense and inconvenience to Defendant Titan and the witnesses.

For the reasons set forth herein, Plaintiff's Motion to Exceed Deposition Limit should be denied.

Respectfully submitted,


*/s/ Charles E. Reis, IV*
Charles E. Reis, IV, Bar No. 32535MO
creis@littler.com
Morgan L. Taylor, Bar No. 67750MO
mltaylor@littler.com


LITTLER MENDELSON P.C.
600 Washington Avenue
Suite 900
St. Louis, MO 63101
Telephone: 314.659.2000
Facsimile: 314.667.3715

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 12th day of December, 2023, the foregoing document was filed with the Clerk of the Court using the CM/ECF system to be served by operation of the Court's electronic filing system and via email upon the following:

Jerry M. (Jay) Kirksey
KIRKSEY LAW FIRM, L.L.C.
711 S. Albany Avenue
Bolivar, Missouri 65613-2619
Telephone 417.326.4529
Facsimile 417.326.8531
jmkirksey@kirkseylawfirm.com

Ryan A. Keane
Tanner A. Kirksey
KEANE LAW LLC
7711 Bonhomme Ave, Ste 600
St. Louis, MO 63105
Telephone (314) 391-4700
Facsimile (314) 244-3778
ryan@keanelawllc.com
tanner@keanelawllc.com

*Attorneys for Plaintiff*

                                                    /s/ *Charles E. Reis, IV*