IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALEKSANDR GULCHUK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 23-03122-CV-S-WBG |
| | ) | |
| TITAN SURGICAL GROUP, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER AND OPINION GRANTING PLAINTIFF'S
### MOTION TO EXCEED DEPOSITION LIMIT

Pending is Plaintiff's Motion to Exceed Deposition Limit. Doc. 53. For the following reasons, the Court **GRANTS** Plaintiff's motion.

### I.   BACKGROUND

In March 2023, Plaintiff Aleksandr Gulchuk filed a petition in the Circuit Court of Greene County, Missouri alleging his employer, Defendant Titan Surgical Group, LLC, fostered a hostile work environment and retaliated against him in violation of the Missouri Human Rights Act. Doc. 1-1. In April 2023, Defendant removed the matter to this Court. Doc. 1. In June 2023, the Court issued its Scheduling and Trial Order, which, among other things, set a discovery deadline of February 9, 2024. Doc. 20 at 2.

On November 28, 2023, Plaintiff filed the pending motion for leave to take a total of thirteen depositions. Doc. 53. At the time he filed the motion, Plaintiff had deposed manager Chris Brabo and team leader Patrick Drake. *Id*. at 1. According to Plaintiff, Brabo and Drake admitted Plaintiff expressed good faith religious convictions related to his employment, "numerous employees" made inappropriate statements, and alcohol was consumed on Defendant's premises. *Id*. at 1-2. Brabo and Drake also testified about the knowledge and

involvement of Robert Raburn ("both HR and Attorney for Defendant") and Tom Stewart, who is the owner. *Id*. at 2. As a result, Plaintiff seeks leave to depose seven employees who worked at the same location he did (i.e., Joey Peebles, Andrew Flori, J.C. Jones, Connor Mahurin, Asa Sparks, Caleb Essick and Kole Kelley); two female employees who visited the location where he worked (i.e., Michelle Retzer and Kelsey Wansing); Raburn; and Stewart. *Id*. at 2, 5-6; *see also* Doc. 57.

Defendant opposes Plaintiff's request. Doc. 56. It argues Plaintiff should not be permitted to take more than ten depositions because he has not demonstrated why the additional witnesses are necessary to prove his claims. *Id*. at 2, 5. Additionally, Defendant contends the individuals Plaintiff wishes to depose have been known since the parties' initial disclosures, the depositions are cumulative, and Plaintiff should not be permitted "to conduct scorched earth discovery" at Defendant's expense. *Id*. at 2-3.

## II. STANDARD

Absent leave of Court or the parties' stipulation, a party may only take ten depositions. Fed. R. Civ. P. 30(a)(2)(A). "Leave to take additional depositions should be granted when consistent with the principles of Rule 26(b)(2)" of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 30(a)(2)(A) advisory committee's notes to 1993 amendment. Pursuant to Rule 26(b)(2), "the court must limit the frequency or extent of discovery . . . if it determines . . . the discovery sought is unreasonably cumulative or duplicative," "the party seeking discovery has had ample opportunity to obtain the information by discovery," or "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).[1] A party seeking leave to take more than ten depositions must present good reasons as to why the additional depositions are

---

[1] "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1).

necessary. *See Bell v. Fowler*, 99 F.3d 262, 271 (8th Cir. 1996) (finding the district court did not abuse its discretion in denying a party's request to take additional depositions because the party "presented no good reason why the additional depositions were necessary," and the "additional depositions simply would have been cumulative and would have served no proper purpose.").

### III. DISCUSSION

Plaintiff seeks leave to depose more than ten individuals. *See* Doc. 53. At the time he filed his motion, Plaintiff had deposed a team leader and a manager. *Id*. at 1. He seeks to depose seven employees who worked with him, two employees who visited the location where he worked, the owner, and a human resources professional. *Id*. at 2. Based on the parties' briefing, it does not appear the additional depositions Plaintiff seeks to take would be duplicative or cumulative of the team leader's and/or manager's deposition. While it is possible the depositions of co-workers could be duplicative or cumulative, that factor is unknown at this time.

Plaintiff's request to take three depositions beyond the maximum number of depositions permitted is not untimely. The parties have until February 6, 2024 to conduct discovery. Doc. 20 at 2. There is no indication the parties are unable to take the three additional depositions, which will be less than three hours each,[2] before the discovery deadline.

The additional depositions are relevant to Plaintiff's claims, and therefore, fall within the scope of Rule 26(b)(1) of the Federal Rules of Civil Procedure. Plaintiff also set forth good reasons for deposing three additional individuals – these individuals engaged in, witnessed, and/or knew about conduct of which Plaintiff complains in this lawsuit. Finally, these three brief

---

[2] Plaintiff's motion does not differentiate between the depositions that fall within the ten permitted and those depositions that would be beyond the permitted ten. *See* Doc. 53. If limited to ten depositions, the Court presumes Plaintiff would depose the owner, the human resources professional, and a few of Defendant's employees. Thus, the Court construes Plaintiff's motion as a request to take three additional employees' depositions. According to Plaintiff, these depositions will take two to three hours. *Id*. at 2.

3

depositions do not appear to be burdensome to Defendant. And the record does not demonstrate any prejudice to Defendant if Plaintiff is permitted to depose three additional individuals.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Exceed Deposition Limit. Plaintiff is permitted to take three additional depositions beyond the ten depositions permitted by Rule 30(a)(2)(A) of the Federal Rules of Civil Procedure. Each additional deposition is limited to three hours.

**IT IS SO ORDERED.**

DATE: January 4, 2024            */s/ W. Brian Gaddy*
                                             W. BRIAN GADDY
                                             UNITED STATES MAGISTRATE JUDGE